FILED
2012 Dec-05  AM 11:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| MISTY JOINER, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 6:12-cv-1959-LSC |
| | ) | |
| COTTON STATES MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

Before the Court is a Motion to Dismiss, or in the Alternative, for a More Definite Statement (Doc. 4), filed by Defendant Cotton States Mutual Insurance Company ("Cotton States"), on May 31, 2012. For reasons described below, Defendant's Motion is due to be GRANTED in part and DENIED in part.

According to the Notice of Removal (Doc. 1), Cotton States is a corporation organized under the laws of Georgia with its principal place of business in Georgia. Cotton States insured Plaintiff's home at the time of the events at issue in this lawsuit. On April 21, 2011, Plaintiff's home was severely damaged by a fire. On April 27, 2011, her property was further damaged by a tornado and severe weather. As a result of these

two incidents, Plaintiff alleges that her home and personal property were a total loss. Plaintiff's insurance policy provides limited coverage for her dwelling, personal property, and auxiliary private structures. She asserts that the costs to repair her dwelling, adjacent structures, and replace her personal property exceed both the policy limits and the amount Cotton States has already paid. The amount paid represents Cotton States' estimate of the actual value of Plaintiff's losses. Plaintiff is seeking the remaining amount of the policy limits and brought suit alleging Breach of Contract, Bad Faith, Misrepresentation, Negligence, and Emotional Distress or Mental Anguish. Cotton States challenges three counts of the Plaintiff's Complaint: Misrepresentation, Negligence, and Emotional Distress or Mental Anguish. Plaintiff concedes that her Negligence claim is inappropriate and due to be dismissed. (Doc. 10 at 5.) Likewise, she concedes there is no separate cause of action under Alabama law for Emotional Distress or Mental Anguish. (*Id.* at 5–7.)

In her responsive submission, Plaintiff asks that this Court order any dismissal of her claim for Emotional Distress or Mental Anguish so that it does not preclude the proper recovery thereof as damages flowing from her other claims. (Doc. 10 at 6.) However, in its brief in support of the motion to dismiss, Cotton States does not challenge Plaintiff's ability to recover emotional distress or mental anguish damages

flowing from her other claims; therefore, the Court will not make a determination of whether Plaintiff can recover such damages at this time.

The Court now turns to the Misrepresentation claim. The Federal Rules of Civil Procedure provide that for a claim "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to satisfy the particularity required by this rule, a plaintiff's complaint must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (quoting *Ziemba v. Cascade Int'l Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

Upon due consideration of Plaintiff's Complaint, the Court agrees that the pleadings do not satisfy the requirements of Rule 9(b). Allegations that are merely general or conclusory do not plead fraud with sufficient specificity. *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194 (11th Cir. 2001). Here, Plaintiff's allegations of misrepresentation state only that "Defendants willfully and intentionally defrauded [her] by inducing her to purchase a Policy, accepting her payment of the premiums,

and then, refusing, without justification, to pay the full value of the claim." These allegations lack sufficient detail concerning the content, method of communication, and timing of Defendant's representations. (Doc. 1 at 34.) Moreover, the Plaintiff failed to clarify who made the alleged misrepresentations–a particularly salient fact, as Plaintiff has already dismissed the Howie Fell Agency from this case. (Doc 14.) The Eleventh Circuit has affirmed the dismissal with prejudice of similarly vague fraud allegations. *See Centennial Bank v. Noah Group, LLC*, 445 Fed. App'x. 277 (11th Cir. 2011) (finding an amended cross-complaint to be deficient because–although it included the content of allegedly fraudulent statements and who made them–it failed to include *how* and *when* they were communicated). At this time, however, it is not appropriate to dismiss the Misrepresentation claim outright.

     For the foregoing reasons, Cotton States' motion is due to be GRANTED in part and DENIED in part. Cotton States' request to dismiss Plaintiff's Negligence and Emotional Distress or Mental Anguish claims is due to be GRANTED. Cotton States' request to dismiss Plaintiff's Misrepresentation claim is due to be DENIED. Plaintiff will be DIRECTED to amend her Complaint in order to plead facts with sufficient particularity. A separate order will be entered consistent with this opinion .

Done this 5th day of December 2012.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

171032